## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>    Plaintiff,<br><br>vs.<br><br>RIA L., by and through her Parent, RITA L.,<br><br>    Defendants. | CIVIL NO. 15-00164 DKW-BMK<br><br>**ORDER (1) REMANDING THE CASE TO THE ADMINISTRATVE HEARINGS OFFICER AND (2) DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

## ORDER (1) REMANDING THE CASE TO THE ADMINISTRATIVE HEARINGS OFFICER AND (2) DENYING DEFENDANTS' MOTION FOR SANCTIONS

In this interlocutory appeal, the Court is asked by the Administrative Hearings Officer ("AHO") to address whether a decision on the merits of a case or an admission of liability by a party is a condition precedent to dismissal.  As set forth below, the Court answers the question in the negative, *i.e.*, an admission of liability is not required before a case may be dismissed as moot.  The Court REMANDS the case to the AHO for proceedings consistent with this and its prior orders, and DENIES the Motion for Sanctions filed by Ria L. ("Ria" or "Student") and Rita. L ("Parent") (collectively "Defendants").  Dkt. No. 18.

## BACKGROUND

The parties are already familiar with the history of this case, which has been laid out in some detail in prior orders. *See DOE v. Ria L., et al.*, CV No. 12-00007 DAE-KSC, Dkt. No. 27 (D. Haw. July 31, 2012); *DOE v. Ria L. et al.*, CV No. 12-00007 HG-KSC, Dkt. No. 39 (D. Haw. Oct. 30, 2012); *DOE v. Ria L., et al.*, CV No. 14-00034 DKW-RLP, Dkt. No. 30 (D. Haw. Dec. 15, 2014); *DOE v. Ria L., et al.*, CV No. 14-00034 DKW-RLP, Dkt. No. 40 (D. Haw. Jan. 27, 2015). Because the question presented by the AHO on interlocutory review is a question of law, only the limited, relevant factual and procedural background is included here.

On March 11, 2011, Defendants filed their Request for Impartial Hearing. *See* Dkt. No. 13-2, Plf. Exh. 2 at 27. They requested the following relief:

> Find the DOE both procedurally and substantively denied Ria FAPE. Order placement of Ria at ABC School for the remainder of the 2010-2011 school year. Order reimbursement to parents for any costs related to placement at ABC School including but not limited to tuition, transportation, and other expenses. Order a comprehensive evaluation of Ria by a provider of Parents' choice at DOE expense. Order compensatory education for failure to provide a FAPE for the prior two school years in the form of placement at ABC School for the 2011-2012 and 2012-2013 school years. And other remedies the Hearings Officer deems appropriate.

Dkt. No. 13-2, Plf. Exh. 2 at 28.

Following a six-day administrative hearing, AHO Haunani Alm issued a decision, finding that the DOE had denied Student a free appropriate public

education ("FAPE") under the provisions of Student's February 25, 2009 and February 18, 2010, individualized education programs ("IEPs").  The DOE appealed this decision, and on July 31, 2012, Judge Ezra vacated and remanded it to the AHO.  *DOE v. Ria L., et al.*, CV No. 12-00007 DAE-KSC, Dkt. No. 27 (D. Haw. July 31, 2012).  On remand, AHO Alm held a further evidentiary hearing and again found in favor of Student.  The DOE appealed a second time.

On December 15, 2014, this Court issued an Order Affirming in Part and Remanding Decision of the Administrative Hearings Officer.  *DOE v. Ria L., et al.*, CV No. 14-00034 DKW-RLP, Dkt. No. 30 (D. Haw. Dec. 15, 2014).  In the decision, the Court remanded the matter for further clarification on the issue of the credibility of witnesses.  The Court, however, was subsequently notified that AHO Alm had retired and was unavailable to address the matter on remand.  Accordingly, on January 27, 2015, the Court issued its Order Vacating in Part the Administrative Hearings Officer's December 27, 2013 Decision and Remanding for Further Proceedings Before a New Hearings Officer.  *DOE v. Ria L., et al.*, CV No. 14-00034 DKW-RLP, Dkt. No. 40 (D. Haw. Jan. 27, 2015).

On remand, the case was assigned to AHO Richard Young, who decided that the merits of the remanded issue would be determined through a third hearing.  On March 30, 2015, prior to the scheduled hearing, the DOE filed a Motion for Summary Judgment or in the Alternative, to Dismiss.  Dkt No. 13-2, Plf. Exh. 2.

The AHO denied the DOE's Motion for Summary Judgment.  Dkt. No. 13-1, Plf.

Exh. 1.

On April 24, 2015, the DOE simultaneously filed two motions:  (1) a Motion

for Reconsideration of its Motion for Summary Judgment, and (2) a Motion for

Leave to File Interlocutory Appeal.   On May 1, 2015, the AHO denied the Motion

for Reconsideration [Dkt. No. 1-3], but granted the Motion for Leave to File

Interlocutory Appeal.  Dkt. No. 1-1.  In the Order Denying the DOE's Motion for

Reconsideration, the AHO maintained that the matter was not moot because

Student requested relief in the form of a finding that the "DOE procedurally and

substantively denied [Student] a FAPE" and that the issue of "whether or not a

denial of FAPE occurred due to alleged abuse is a live controversy."  Dkt. No. 1-3

at 2.  In the Order Granting the DOE's Motion for Leave to File Interlocutory

Appeal, the AHO stated that:

> [T]he standard for allowing leave to file an interlocutory appeal
> is that an important question of law is in doubt which may
> substantially affect the final result of the case.  As [the DOE]
> argues, in the interest of judicial economy, *the Court is asked to
> resolve the issue as to whether the DOE, having already paid
> more than what was sought in the Request for Due Process
> Hearing, must first admit to liability before the case can be
> dismissed*.  This issue appears to be a matter of first impression;
> and the determination of this issue may facilitate dismissal on
> jurisdictional grounds.

Dkt. No. 1-4 at 2 (emphasis added).

4

On May 7, 2015, the DOE filed the instant Complaint, seeking review and reversal of:  (1) the AHO's Order Denying the DOE's Motion for Summary Judgment, or in the Alternative, to Dismiss; and (2) the Order Denying the DOE's Motion for Reconsideration.  Dkt. No. 1 at 4-5.  The DOE asserted that the case is moot because Student has received all of the requested relief, and thus, the case should be dismissed.  Dkt. No. 1 at 6.  On July 21, 2015, Student, by and through her Parent, filed her Answer to the DOE's Complaint.  Dkt. No. 8.  Thereafter, the parties submitted their respective briefs.  Dkt. Nos. 12, 13, 16.

On February 10, 2016, Defendants filed a Motion for Sanctions, arguing that the DOE had violated Rule 11 in bringing the instant Complaint.  Dkt. No. 18.  The following day, the Court ordered the parties to a settlement conference before Magistrate Judge Kurren and held the matters before the Court in abeyance, pending the outcome of the settlement conference.  Dkt. No. 20.  On March 3, 2016, the Court was notified that the parties were not able to reach a settlement.  Dkt. No. 24.  The Court elected to decide the matters before it without a hearing pursuant to Local Rule 7.2(d).  Dkt. No. 20.

## DISCUSSION

### I.    Interlocutory Appeal

As a preliminary matter, the Court clarifies the scope of this appeal.  This matter returns to this Court on interlocutory appeal solely to address "whether the

DOE, having already paid more than what was sought in the Request for Due Process Hearing, must first admit to liability before the case can be dismissed." Dkt. No. 1-4 at 2.  Stated differently, the question presented is whether an admission of liability is required before a case may be dismissed as moot.  This purely legal question is limited in scope, and it is the only question the Court addresses.[1]  As set forth below, the Court finds that an admission of liability is not necessary before a case may be dismissed as moot.

Under Article III of the Constitution, federal courts only have jurisdiction over "cases" and "controversies."  *See* U.S. Const. Art. III, § 2, cl. 1; *Public Utilities Comm'n v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996).  A party must maintain a live controversy at all stages of review, not simply at the time the action is initiated.  *See Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797 (9th Cir. 1999) (en banc).  "If an action or claim loses its character as a live controversy, then the action or claim becomes 'moot,'" and the court lacks jurisdiction to resolve the underlying dispute.  *Id.* at 797–98.  It is well-established that "[t]he court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal."  *Public Utilities*, 100 F.3d at 1458.

---

[1]Both parties brief at length issues that extend well beyond the limited question posed by the AHO to this Court for interlocutory consideration.  For instance, the DOE styles its Complaint as one seeking review, in part, of the AHO's denial of the DOE's motion for summary judgment. The denial of a motion for summary judgment, however, is not appealable.  *See Datagate, Inc. v. Hewlett–Packard Co.,* 941 F.2d 864, 868 n. 1 (9th Cir. 1991).

The AHO's determination that an admission of liability is a condition precedent to dismissal of a case on the basis of mootness was in error.  Whether or not the AHO's characterization of the question before the Court as one of first impression is accurate, numerous cases in this circuit illustrate that a party need not first admit to liability in order for a court to dismiss a case on the basis of mootness.  Rather, the inquiry focuses on whether the court is able to grant "effective relief."  *See, e.g.*, *S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1035 (9th Cir. 2009) (declining to reach the issue of declaratory relief because it would constitute an advisory opinion and there was no evidence of a live dispute between the parties); *Back v. Sebelius*, 684 F.3d 929, 932-33 (9th Cir. 2012) (dismissing the petitioner's claim as moot when she received the exact relief requested in her complaint).

Even within the specific context of Individuals with Disabilities Education Act ("IDEA") cases, neither a decision on the merits nor an admission of liability is required before a case may be dismissed as moot.  For example, in *Browell v. Lemahieu*, 127 F. Supp. 2d 1117 (D. Haw. 2000), the district court determined that a plaintiff's claim that he was denied a FAPE because he did not receive educational services for eight weeks was moot, notwithstanding the absence of an admission of liability by the defendants.  The district court reached this conclusion after examining what the plaintiff had requested and received, and ultimately

7

determined that there was "no effective relief" that the court could grant to the

plaintiff. *Browell*, 127 F. Supp. 2d at 1126; *see also M.M. v. Lafayette Sch. Dist.*,

767 F.3d 842 (9th Cir. 2014) (upholding the district court's conclusion that a

parent's claim for reimbursement of the cost of a certain evaluation was moot);

*Derek H. v. DOE*, Civil No. 14-00143 ACK-KSC, 2015 WL 9478231, at *3 (D.

Haw. Dec. 29, 2015) (declining to reach the merits where the operation of the

IDEA's stay-put provision provided the student with the requested relief, thus

mooting the case).

In sum, the Court finds that neither an admission of liability nor a decision

on the merits is a condition precedent to the dismissal of a case on the basis of

mootness.[2]

## II.   **Defendants' Motion for Sanctions**

Defendants request sanctions pursuant to Federal Rule of Civil Procedure

11(b), asserting that the DOE's Complaint against Defendants "has no basis in fact

or law." Dkt. No. 18-1 at 7. Specifically, Defendants contend that by bringing this

appeal, the DOE is in contempt of this Court's January 27, 2015 remand order, and

that Defendants' claim violates the law of the case doctrine. The Court finds that

while the DOE briefed issues extending beyond the scope of the AHO's Order

---

[2]The Court recognizes that even if a case is moot because "effective relief" is no longer available, exceptions to the mootness doctrine may apply. However, that issue is not properly before this Court.

Granting the DOE's Motion for Leave to File Interlocutory Appeal, Rule 11

sanctions are not warranted.

Rule 11(b) provides in relevant part:

> By presenting to the court a pleading, written motion, or other
> paper—whether by signing, filing, submitting, or later
> advocating it—an attorney or unrepresented party certifies that
> to the best of the person's knowledge, information, and belief,
> formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose,
>> such as to harass, cause unnecessary delay, or needlessly
>> increase the cost of litigation; [and]
>>
>> (2) the claims, defenses, and other legal contentions are
>> warranted by existing law or by a nonfrivolous argument
>> for extending, modifying, or reversing existing law or for
>> establishing new law . . . .

In determining whether a party has violated Rule 11, the Court applies an

objective reasonableness standard.  *Yagman v. Republic Ins.,* 987 F.2d 622, 628

(9th Cir. 1993).  The Ninth Circuit has instructed the district courts to engage in the

following inquiry when considering whether Rule 11 sanctions are warranted:

> When, as here, a "complaint is the primary focus of Rule 11
> proceedings, a district court must conduct a two-prong inquiry
> to determine (1) whether the complaint is legally or factually
> baseless from an objective perspective, and (2) if the attorney
> has conducted a reasonable and competent inquiry before
> signing and filing it."  As shorthand for this test, we use the
> word "frivolous" "to denote a filing that is both baseless *and*
> made without a reasonable and competent inquiry."

*Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005) (citations omitted) (emphases in original).

Having reviewed the Complaint, the Court finds that Rule 11 sanctions are not warranted because the Complaint is not "frivolous."  As a preliminary matter, the Court agrees with the DOE that the interlocutory appeal was not brought in contempt of this Court's January 27, 2015 remand order or in violation of the law of the case doctrine.  The Court did not intend to prohibit the filing of relevant pre-hearing motions when it issued its order, nor did its order suggest otherwise. Although the scope of the DOE's Complaint extends beyond what the AHO identified as an important question of law, the DOE's Complaint did address this issue, and the DOE's position on the issue is supported by existing case law.

Because the standard for Rule 11 sanctions has not been met, the Court declines to impose any.

## **CONCLUSION**

Based on the foregoing, the Court REMANDS the case to the AHO for proceedings consistent with this and the Court's prior orders.  Defendants' Motion for Sanctions is DENIED.

IT IS SO ORDERED.

DATED:  March 31, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

DOE v. Ria L. et al.; CV 15-00164 DKW-BMK; ORDER (1) REMANDING THE CASE TO THE ADMINISTRATIVE HEARINGS OFFICER AND (2) DENYING DEFENDANTS' MOTION FOR SANCTIONS